UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
AKRON DIVISION

| | |
|---|---|
| MARIE L. DRYSDALE, <br><br> Plaintiff, <br><br> v. <br><br> J.P. MORGAN CHASE BANK, N.A., <br><br> Defendant. | CIVIL COMPLAINT <br><br><br> CASE NO. 5:20-cv-02422 <br><br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MARIE L. DRYSDALE ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of J.P. MORGAN CHASE BANK, N.A. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.,* as well as for Invasion of Privacy ("IOP"), and Trespass to Chattels ("TTC") stemming from Respondent's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio a subtotal portion of the events that gave rise to this action occurred within the Northern District of Ohio.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a foreign corporation formed under the laws of the State of Delaware, and has a principal place of business located at 270 Park Avenue, New York, New York 10017.  Defendant provides various banking and other financial services to consumers nationwide in including in the State of Ohio.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Prior to the conduct-giving rise to Plaintiff's claims, Plaintiff obtained a Chase credit card from Defendant.

10. Plaintiff used her Chase credit card to purchase varies household and personal goods.

11. Due to financial hardship, Plaintiff fell behind on her scheduled payments to Defendant, thus incurring debt ("subject debt").

12. As a result of Plaintiff's overwhelming financial burdens, Plaintiff was forced to seek relief through a bankruptcy attorney.

13. On or around August 2020, Plaintiff began receiving calls to her cellular phone number, (937) XXX-2939, from Defendant.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2939. Plaintiff is and has always been financially responsible for the cellular phone and its services.

15. Defendant has called Plaintiff mainly using the phone number (888) 247-4080, however, upon information and belief, Defendant has employed other phone numbers as well.

16. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activities.

17. During answered calls, Plaintiff has been subjected to a noticeable pause, causing Plaintiff to say "hello" several times, before being connected to a live representative.

18. Plaintiff, through her contacts with Defendant, was informed that Defendant was attempting to collect upon the subject debt.

19. Upon speaking to Defendant, Plaintiff explained her financial situation and requested that Defendant cease contacting her. Plaintiff also provided Defendant with her attorney's information and requested that Defendant cease contacting her and speak to her attorney.

20. Defendant willfully ignored Plaintiff's request and continued placing phone calls to Plaintiff's cellular phone.

21. Despite Plaintiff's efforts, Defendant has continued to regularly call her cellular phone up until the filing of this lawsuit.

22. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, even after being notified to stop.

23. Plaintiff has received dozens of phone calls from Defendant since asking it to stop calling.

24. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

25. Plaintiff has been unfairly and unnecessarily harassed by Plaintiff's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause that Plaintiff experienced upon answering Defendant's calls, as well as the fact that Plaintiff had to repeatedly say "hello" before she was connected with a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts establishes the involvement of an ATDS.

30. Upon information and belief, given the nature of the calls Plaintiff received from Defendant, Defendant's phone system has the capacity to store numbers, and dial those numbers, absent meaningful human intervention.

31. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by her demand that it cease contacting her.

32. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). After Plaintiff notified Defendant of her demands to cease calling and to contact her bankruptcy attorney instead, Defendant unlawfully continued placing unwanted collection calls to Plaintiff's cellular phone. Accordingly, Defendant had knowledge of Plaintiff's request and information, but knowingly and intentionally continued to place numerous calls to her cellular phone.

WHEREFORE, Plaintiff, MARIE L. DRYSDALE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## **COUNT II – INVASION OF PRIVACY-INTRUSION UPON SECLUSION**

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Defendant, through its barrage of phone calls, has repeatedly and intentionally invaded Plaintiff's privacy.

36. Defendant's persistent and unwanted autodialed phone calls to Plaintiff's cellular phone eliminated Plaintiff's right to privacy.

37. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, was highly intrusive and invasive.

38. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy her life, instead having it upended by Defendant's harassing phone call campaign.

39. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff would have normally brought her cellular phone.

40. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into payment, Defendant gave Plaintiff no reasonable escape from its incessant calls.

41. As detailed above, by persistently autodialing Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

42. Defendant's relentless collection efforts and tactic of repeatedly auto dialing Plaintiff's cellular phone after she requested that these calls cease is highly offensive to a reasonable person.

43. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing numerous unconsented phone calls to her cellular phone in a short period of time.

WHEREFORE, Plaintiff, MARIE L. DRYSDALE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honor Court deems just and appropriate.

## COUNT III-TRESPASS TO CHATTELS

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

46. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." Mey v. Got Warranty, Inc., 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

47. Courts have applied this tort theory to unwanted telephone calls and text messages. See Czech v. Wall St. on Demand, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and Amos Financial, L.L.C. v. H&B&T Corp., 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

48. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

49. Defendant interfered with Plaintiff's ability to use her cellular phone while it was in her possession.

50. Defendant barraged Plaintiff with numerous phone calls after she made demands that the calls stop, including multiple phone calls on the same day, leaving her unable to use or possess her cellular phone in the manner in which she wanted to during such time.

51. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff stated that Defendant must cease contacting her.

52. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to her cellular phone, the loss of battery charge, and the loss of battery life.

53. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with her possession of her cellular phone.

WHEREFORE, Plaintiff, MARIE L. DRYSDALE, respectfully requests that this Honorable Court enter judgement in her favor as follows:

a. Enter judgement in favor of Plaintiff and against Defendant;
b. Award Plaintiff actual damages in an amount to be determined at trial;
c. Award Plaintiff punitive damages in an amount to be determined at trial;
d. Enjoining Defendant from contacting Plaintiff; and
e. Award any other relief this Honorable deems equitable and just.

Dated: October 26, 2020             Respectfully submitted,

                                            s/ Nathan C. Volheim (Lead Attorney)
                                            Nathan C. Volheim, Esq. #6302103
                                            *Counsel for Plaintiff*
                                            Sulaiman Law Group, Ltd.
                                            2500 South Highland Ave., Suite 200
                                            Lombard, Illinois 60148
                                            (630) 568-3056 (phone)
                                            (630) 575-8188 (fax)
                                            nvolheim@sulaimanlaw.com